UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DENNIS RAY DAVIS JR.** | **CIVIL ACTION NO. 5:18-cv-009-P** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **ROBERT WYCHE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Dennis Ray Davis, Jr. (#469947). Plaintiff was granted leave to proceed *in forma pauperis* on October 18, 2017. (Doc. 8). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Caddo Parish Jail. Plaintiff was convicted of DWI, and he has other criminal charges pending. (Docs. 1, 10). Plaintiff complains of false imprisonment and the violation of his constitutional rights by several attorneys.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Background

In his original, deficient complaint, Plaintiff alleges that he is wrongfully imprisoned. (Doc. 1, pp. 1-2). He named as defendants Warden Bobby Wyche, Cheryl Stills, Yolanda Williams, Theresa Ruffin, and Lt. Sharon.[1] (Doc. 1, p. 4).

In his complaint that was submitted on the proper court-approved form, Plaintiff names numerous public defenders as Defendants, including James Dixon, Pamela Smart, Carlos Prudhomme, and Rickey Swiffts.

---

[1] Plaintiff also named Defendants Wyche and Stills in a prior suit regarding false imprisonment that has been dismissed, with prejudice. Davis v. Wyche, et al., 5:17-cv-1230.

Plaintiff has filed four other civil cases in this Court, three of which are pending review, and one of which was dismissed as frivolous or for failure to state a claim.[2]

## Law and Analysis

### I. Initial Review

Plaintiff is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

---

[2] Davis v. Wyche, et al., 5:17-cv-1230 (dismissed); Davis v. Shreveport et al., 5:17-cv-531; Davis v. Caddo Parish, et al., 5:17-cv-1269; Davis v. Caddo Parish, et al., 5:18-cv-84.

## II.   State Actors

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. See West v. Atkins, 487 U.S. 42, 48 (1988).

In Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence." West, 487 U.S. at 50.

Further, a lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983. See Polk Cnty., 454 U.S. at 318. This is true even of cases in which a private attorney has been assigned to represent an indigent defendant. See id. at 318, n.7. Because a private attorney's role is independent from the role of the state, an attorney's conduct, by mere representation of his or her client, is not chargeable to the state. Therefore, regardless of whether Defendants are private or court-appointed attorneys, they are not state actors subject to liability under § 1983. As such, Plaintiff's claims raised in the amended

complaint against attorneys Dixon, Smart, Prudhomme, and Swiffts should be dismissed.

### III. False Imprisonment

In his complaint and amended complaint, Plaintiff alleges that he is falsely imprisoned due to various bond errors. (Docs. 1, 10). Although Plaintiff has numerous charges pending against him, he has already been convicted and sentenced to a fourth offense DWI. (Doc. 10). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). An award of damages for Plaintiff's allegedly unconstitutional confinement would call into question the validity of his DWI conviction and sentence. Plaintiff has not shown that the conviction and sentence have been reversed, expunged, or declared invalid. Therefore, his false imprisonment claim is barred by Heck.

### IV. Release

To the extent that Plaintiff seeks a release from custody, his claim should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

### Conclusion

For the forgoing reasons, IT IS RECOMMENDED that Plaintiff's complaint be DENIED and DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A, with the false

imprisonment claim being dismissed with prejudice until such time as the <u>Heck</u> conditions are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 23rd day of March, 2018.

Karen L. Hayes
United States Magistrate Judge